UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NOE TORRES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO.: _____ |
| § | |
| STATE FARM LLOYDS AND DEVLIN § | |
| CATES, § | |
| § | |
| Defendants. § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant State Farm Lloyds ("Defendant" or "State Farm Lloyds"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

### I.    INTRODUCTION

1.    This is an insurance coverage and bad faith case. On or about July 28, 2016, Plaintiff Noe Torres ("Plaintiff") filed his Original Petition in Cause No. DC-16-09100 in the 193rd Judicial District Court of Dallas County, Texas, initiating a civil cause of action against State Farm Lloyds ("State Farm") and Devlin Cates ("Cates") (collectively "Defendants"). Exhibit C.

2.    Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant State Farm Lloyds. Additionally, Cates has been fraudulently joined for the purpose of defeating diversity.

3.    Plaintiff alleges multiple claims and causes of action against Defendants related to Defendants' handling of an insurance claim submitted by Plaintiff. Plaintiff specifically alleges breach of contract, non-compliance with Chapters 541 and 542 of the Texas Insurance Code, breach

of duty of good faith and fair dealing, fraud and conspiracy to commit fraud against State Farm Lloyds. As to Cates, Plaintiff asserts claims for violations of Chapter 541 of the Texas Insurance Code, as well as fraud and conspiracy to commit fraud. Plaintiff further alleges that Defendants' conduct was committed "knowingly" as that term is defined in the Texas Insurance Code.

4. State Farm Lloyds received the Citation and Plaintiff's Original Petition by personal delivery on or about August 19, 2016. Exhibits C, E and G. State Farm Lloyds filed its Original Answer on September 9, 2016. Exhibit J. Cates was served by personal service on August 31, 2016. Exhibits, C, F and I. Cates filed his answer on September 14, 2016. Exhibit K.

5. State Farm Lloyds now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## II.   GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.   Complete Diversity Exists Between the Parties.

7. According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was, and still is, domiciled in Dallas County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence . . . is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship,

Plaintiff is considered a Texas citizen.

8. State Farm Lloyds was, at the time this action was commenced, and still is, a citizen of Illinois. Defendant is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of Illinois for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). Exhibit J.

9. Although Defendant Cates is a citizen and resident of the state of Texas, he has been "fraudulently joined" in this lawsuit in that the Plaintiff has not asserted any valid claim against him and joined him in this lawsuit solely in an effort to defeat diversity jurisdiction. A defendant may be disregarded as a party for purposes of establishing diversity if the court determines that the joinder is an improper device to defeat diversity jurisdiction and prevent removal. *Madison v. Vintage Pet., Inc.,* 114 F.3d 514 (5th Cir. 1997); *Smallwood v. Illinois Cen. Rail Co.,* 385 F.3d 568, 571 (5th Cir. 2004) *In re Benjamin Moore & Co.,* 318 F.3d 626 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921) (the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy").

10. To establish that a non-diverse defendant has been improperly joined, the removing party must prove: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. *See Ross* v. *CitiFinancial, Inc.,* 344 F.3d 458, 461-62 (5th Cir. 2003); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H–09–1728, WL 3602043, *3 (S.D. Tex. Oct. 27, 2009) (Werlein, J.). However, whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the

plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d. 694, 701 (5th Cir. 1999). The *Griggs* court required that the petition state specific "facts warranting liability" in order to defeat removal. *Id.* (emphasis added). In the instant case, this Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on Cates. *See Ross,* 344 F.3d at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. *Id.* In evaluating that question, the Fifth Circuit has held that the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *See Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross,* 344 F.3d at 462-63); *accord Travis v. Irby,* 326 F.3d 644, 648-49 (5th Cir. 2003).

11. In order to assert a cognizable claim, plaintiff must put defendants on fair notice of the allegations against them, not require defendants to "glean" the factual basis of such allegations from a list of ambiguous legal conclusions. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 4:09–cv–165–A, 2009 WL 1437837, *3–4 (N.D. Tex. May 22, 2009) (McBryde, J.) (finding allegations that listed Insurance Code provisions and asserted that "defendants" violated such provisions were "legal conclusions couched as factual allegations," which do not provide a reasonable possibility of recovery). In order to assert an actionable cause of action against an adjuster, Texas federal courts require the plaintiff to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer. *See, e.g., Okenkpu v. Allstate Texas Lloyd's*, No. H–11–2376, 2012 WL 1038678 (S.D. Tex. March 27, 2012) (Harmon, J.); *Centro Cristiano Cosecha Final, Inc. v. The Ohio Cas. Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011) (Harmon, J); *Gonzales v. Homeland Ins. Co. of New York,* No. H–11–123, 2011 WL 3104104 (S.D.

Tex. July 25, 2011) (Harmon, J.); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* No. H–10–4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011) (Harmon, J.); *Jiminez v. Travelers Indem. Co.,* No. H–09–1308, 2010 WL 1257802, *6 (S.D. Tex. Mar.25, 2010) (Harmon, J.); *Glen Willow Apartments v. Lexington Ins. Co.,* No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001) (Harmon, J.).

12. Plaintiff's factual allegations regarding Defendant Cates do not form the basis for an independent cause of action against him as opposed to the carrier. Rather, Plaintiff has filed suit against Cates for the same reasons that Plaintiff filed suit against State Farm Lloyds. He is unhappy that State Farm Lloyds denied "full" payment to him.

13. According to a number of recent decisions from this District and Division, Cates cannot be held liable for the insurance code violations alleged by Plaintiff in this matter. *See One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (*quoting Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding, *inter alia*, that claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to...roof when in fact there was damage and that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to the coverage at issue)); *see also Mainali Corp. v. Covington Specialty Ins. Co.*, No. 15-CV-1087, 2015 WL 5098047, at *1-6 (N.D. Tex. Aug. 31, 2015); *Together 6 LLC d/b/a Motel 6 v. The Burlington Ins. Co.,* No. 4:15-cv-00064-Y (N.D. Tex. April 22, 2015) (Means, J.); *accord, Slabaugh v. Allstate Ins. Co.,* No. 4:15-CV-115, 2015 WL 4046250 (E.D. Tex. June 30, 2015) (Clark, J.) (adjuster's representations about "the scope of damage, not the details of the insurance policy's coverage" not actionable); *John F. Thomas et al v. State Farm Lloyds et al,* Civil Action No. 3:15-CV-1937-B, 2015 WL 6751130, at *1 (N.D. Tex. Nov. 4, 2015) (Boyle, J.);

*Yolanda Aguilar v. State Farm Lloyds,* Civil Action No. 4:15–CV–565–A, 2015 WL 5714654, at *1-4 (N.D. Tex. Sep. 28, 2015); *Caravan Inns, LLC v. Acceptance Indemnity Ins. Co.,* No. 4:15-CV-944-A (N.D. Tex. Jan. 28, 2016), slip op. at 8-9; *Meritt Buffalo Events Center, LLC v. Central Mutual Insurance Co.,* 2016 WL 931217, *4 (March 11, 2016) (Fitzwater, J.).

14. Texas law does not contemplate that adjusters like Cates will be held individually liable for the insurance carrier's decision on a claim. *See Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Servs., Inc.*, 908 S.W.2d 516 (Tex. App.—Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims). As Judge Melinda Harmon noted, claims against an individual adjuster for "insufficient investigation and undervaluing the claim, incorporated into a report to [the carrier], is insufficient to establish the possibility of a claim against her individually for violation of the Texas Insurance Code § 541.060(a), the DTPA, Business & Commerce Code §§ 17.41 et seq., and common law fraud." *See Centro Cristiano Cosecha Final v. The Ohio Cas. Ins. Co.*, No. 4:10-cv-01846, Memorandum Opinion dated January 20, 2011, p. 38; *see also Okenkpu v. Allstate Texas Lloyd's*, 2012 WL 1038678 (S.D. Tex. 2012) (Harmon, J.) (finding allegations quite similar to those asserted by Plaintiff in the instant case insufficient to establish the possibility of a claim against the adjuster). In addition, the Fifth Circuit has held, "there is no reasonable possibility that Texas would allow recovery under [former] Article 21.21 (or the Texas Deceptive Trade Practices Act (DPTA) against an insurance company employee, who in the course of his employment engages in the business of insurance, in the absence of evidence sufficient to sustain a finding that that employee herself committed a violation of Article 21.21 (or the DPTA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff)." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *see also Mainali Corp. v.*

*Covington Specialty Insurance Co.,* No. 3:15-CV-1087-D, 2015 WL 5098047, 3:15-CV-1087-D (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.); *One Way Investments v. Century Surety Company*, No. 3:14-CV-2839-D, 2014 WL 6991277 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (finding very similar allegations against an adjuster insufficient to assert a cognizable cause of action against the adjuster); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding, *inter alia*, that claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to . . . roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to coverage at issue); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043, *4 (S.D. Tex. 2009) (conclusory allegations regarding "some involvement" by adjuster assigned to investigate claim after initial denial was not sufficient to support claims of fraud and Insurance Code violations); *Ford v. Prop. & Cas. Ins. Co. of Hartford*, 2009 WL 4825222 (S.D. Tex. 2009) (pleading that individual defendant was one of the adjusters assigned to Plaintiffs' claim was not sufficient to satisfy obligation under Texas law to allege that the adjusters, as individuals, committed the violation that caused the harm).

15. Even assuming that an adjuster can be held liable under the Insurance Code for the claims asserted here, Plaintiff's allegations fail to state a claim for relief even under the liberal Texas pleading standard. The petition makes only conclusory allegations against Cates. Plaintiff does not allege specific facts regarding specific misrepresentations by Cates, nor does Plaintiff allege any specific detrimental reliance and injury from any such representation. Texas courts have held that post-loss misrepresentations do not give rise to DTPA or Insurance Code liability. *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 n.55 (Tex. 1990), *overruled on other grounds, Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000); *Royal Globe Ins. Co. v. Bar Consultants, Inc.*,

577 S.W.2d 688, 694-95 (Tex. 1979); *Allstate Indem. Co. v. Hyman*, 2006 WL 694014, *8 (Tex. App.—Texarkana 2006, no pet.); *Avila v. Loya*; 2005 WL 1902120, *5 (Tex. App.—Amarillo 2005, no pet.); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.—Beaumont 1988, writ denied). Moreover, the Texas Supreme Court has recently noted that a dispute over whether a claim was factually within the policy's terms was not sufficient to be a misrepresentation under the Texas Insurance Code. *See Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012).

16. Based upon the allegations in the Plaintiff's live pleading, there is no reasonable basis for predicting that Texas law will impose liability on Cates for Plaintiff's Chapter 541 and fraud claims or that Plaintiff can establish a cause of action against him in state court. Cates has been improperly joined for the sole purpose of defeating diversity jurisdiction in this court and him citizenship, therefore should be disregarded. Therefore, complete diversity of citizenship exists between Plaintiff and Defendants. Furthermore, because Cates was improperly joined in this action, his consent to removal is not required in this case. *See Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993).

### B. The Amount in Controversy Exceeds $75,000.

17. Additionally, the claims asserted by Plaintiffs exceed $75,000.00. Plaintiffs' Original Petition specifically states that Plaintiffs seek "monetary relief over $100,000 . . . ." Exhibit C.

### III. VENUE

18. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the District Court of Dallas County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

## IV.    PROCEDURAL REQUIREMENTS

19.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 of the U.S. District Court for the Northern District of Texas, the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
| --- | --- |
| **A.** | Index of Matters Being Filed |
| **B.** | Case Summary Sheet in the state court action |
| **C.** | Plaintiffs' Original Petition filed in the 193rd District Court of Dallas County, Texas on July 28, 2016 |
| **D.** | Civil Case Information Sheet filed in the 193rd District Court of Dallas County, Texas on July 28, 2016 |
| **E.** | Citation to State Farm Lloyds issued by the District Clerk of Dallas County, Texas on July 28, 2016 |
| **F.** | Citation to Devlin Cates issued by the District Clerk of Dallas County, Texas on July 28, 2016 |
| **G.** | Notice from Court of Dismissal for Want of Prosecution dated August 15, 2016 |
| **H.** | Return of Service on State Farm Lloyds filed August 30, 2016 |
| **I.** | Return of Service on Devlin Cates filed September 8, 2016 |
| **J.** | Defendant State Farm Lloyd's Original Answer filed in the 193rd District Court of Dallas County, Texas on September 9, 2016 |
| **K.** | Defendant Devlin Cates' Original Answer filed in the 193rd District Court of Dallas County, Texas on September 15, 2016 |
| **L.** | Affidavit of Jim Larson |
| **M.** | List of Counsel of Record |

20.    This Notice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Defendant State Farm

Lloyds with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

21. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

22. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

23. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 193rd Judicial District Court of Dallas County, Texas promptly after filing of same.

24. Plaintiff has made a jury demand.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully requests that the above-captioned action now pending in the 193rd Judicial District Court of Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully Submitted,

*/s/ W. Neil Rambin*
W. NEIL RAMBIN
State Bar No. 16492800
rambindocket@sedgwicklaw.com
L. KIMBERLY STEELE
State Bar No. 04127600
kimberly.steele@sedgwicklaw.com
SCOTT P. BRINKERHOFF
State Bar No. 24069419
scott.brinkerhoff@sedgwicklaw.com
SEDGWICK LLP
1717 Main Street, Suite 5400
Dallas, Texas  75201
(469) 227-8200 (Telephone)
(469) 227-8004 (Facsimile)

**ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on the 16th day of September, 2016.

Rene M. Sigman
J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027

*/s/ L. Kimberly Steele*
L. KIMBERLY STEELE