# EXHIBIT C

FILED
DALLAS COUNTY
7/28/2016 5:41:55 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. <u>DC-16-09100</u>

| | | |
|---|---|---|
| **NOE TORRES,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **DEVLIN CATES,** | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Noe Torres ("Plaintiff") and files this, *Plaintiff's Original Petition*, complaining of State Farm Lloyds ("State Farm") and Devlin Cates ("Cates") (hereinafter collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.  Plaintiff Noe Torres is an individual residing in Dallas County, Texas.

3.  Defendant State Farm is a domestic insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by

a process server, by serving its Attorney for Service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.   Defendant Devlin Cates is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at his place of residence at 15706 Covewood Circle, Dallas, Texas 75248.

## JURISDICTION

5.   The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $100,000 but not more than $200,000. Plaintiff reserves the right to amend his petition during and/or after the discovery process.

6.   The Court has jurisdiction over Defendant State Farm because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7.   The Court has jurisdiction over Defendant Cates because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.   Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.   Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

10.    Plaintiff owns the insured property, which is specifically located at 520 West Avenue F, Garland, Texas 75040, in Dallas County (hereinafter referred to as "the Property").

11.    State Farm sold the Policy insuring the Property to Plaintiff.

12.    On or about May 6, 2015 and/or May 10, 2015, a hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence (hereinafter referred to as "the Storm"). Specifically, Plaintiff's roof sustained extensive damage during the Storm. Plaintiff also sustained additional structural and exterior damage during the Storm including, but not limited to, the vents and several windows. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Furthermore, Plaintiff sustained significant damage to his air conditioning unit and storage shed on the Property. Shortly after the Storm, Plaintiff filed a claim with his insurance company, State Farm, for the damages to his home caused by the hail storm and/or windstorm.

13.    Plaintiff submitted a claim to State Farm against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

14.    Plaintiff asked that State Farm cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and repair of the exterior, structural, and/or interior water damages to the Property, pursuant to the Policy.

15.    Defendant State Farm assigned Defendant Cates as the individual adjuster on the claim. The adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a

Page 3

thorough investigation of Plaintiff's claim. Cates conducted a substandard inspection of Plaintiff's residence during which spent an insufficient amount of time inspecting the entire Property to scope damages and failed to thoroughly inspect all of the damages to both the interior and exterior of the Property. For example, Cates failed to conduct a thorough inspection to the entire interior of the home thereby denying many of the properly covered Storm damages to the Property.

16.     Defendant Cates' inadequate inspection is further evidenced by his June 16, 2015 report, which failed to provide a fair and accurate assessment of Plaintiff's damages actually included in his inspection including, but not limited to, damages to the roof and several interior damages. Further, Cates failed to acknowledge the extensive and obvious Storm damages to Plaintiff's storage shed on the Property. Moreover, Cates incorrectly applied material sales tax for certain items in determining the actual cash value of Plaintiff's loss under the Policy. Although Cates was aware of Plaintiff's reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiff's claim without conducting thorough and reasonable inspection of Plaintiff's damages. Ultimately, Defendant Cates determined that the damages were either not covered under the Policy and/or valued the damages below the applicable policy deductible, thus no payment would be made on the claim.

17.     Defendant State Farm, along with its personnel, failed to adequately supervise, oversee, and review the work of the adjusters assigned to Plaintiff's claim, including Defendant Cates. Had State Farm performed even a cursory review of the estimate(s)/report(s) submitted and approved by Cates, Defendant State Farm would have discovered that

Page 4

Plaintiff's claim was improperly adjusted. Unfortunately for Plaintiff, this did not happen.

18.     Together, Defendants State Farm and Cates set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiff's Storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiff's claim was improperly adjusted, and he was denied adequate and sufficient payment to repair his home. The mishandling of Plaintiff's claim has also caused a delay in his ability to fully repair his home, which has resulted in additional damages. To date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

19.     As detailed in the paragraphs below, State Farm wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, State Farm underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

20.     To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to his home.

21.     Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiff.

Page 5

22.     Defendants State Farm and Cates misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants State Farm's and Cates' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(1).

23.     Defendants State Farm and Cates failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants State Farm's and Cates' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

24.     Defendants State Farm and Cates failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants State Farm and Cates failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants State Farm and Cates did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants State Farm's and Cates' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

25.     Defendants State Farm and Cates failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm and Cates. Defendants State Farm's and Cates' conduct constitutes a

violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

26.     Defendants State Farm and Cates refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants State Farm and Cates failed to conduct a reasonable investigation. Specifically, Defendants State Farm and Cates performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants State Farm's and Cates' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

27.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

28.     Defendant State Farm failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

29.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment

Page 7

for his claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

30. From and after the time Plaintiff's claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

31. Defendants State Farm and Cates knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

32. As a result of Defendants State Farm's and Cates' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

33. Plaintiff's experience is not an isolated case. The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims. State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

Page 8

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST CATES

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

34. Defendant State Farm assigned Defendant Cates to adjust the claim. Defendant Cates was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During the investigation, the adjuster failed to properly assess Plaintiff's hail storm and/or windstorm damages. The adjuster also omitted covered damages from his reports, including many of Plaintiff's interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

35. Defendant Cates' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

36. Defendant Cates is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of State Farm, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added; *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

Page 9

37.    Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Cates' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

38.    Defendant Cates' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

39.    Defendant Cates failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant Cates failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.    The unfair

Page 10

settlement practice of Defendant Cates as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

40.     Defendant Cates' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

41.     Defendant Cates did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to State Farm. Defendant Cates' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

42.     Plaintiff is not making any claims for relief under federal law.

### FRAUD

43.     Defendants State Farm and Cates are liable to Plaintiff for common law fraud.

44.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did,

and which Defendants State Farm and Cates knew were false or made recklessly without any knowledge of their truth as a positive assertion.

45.   The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

46.   Defendants State Farm and Cates are liable to Plaintiff for conspiracy to commit fraud. Defendants State Farm and Cates were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants State Farm and Cates committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST STATE FARM ONLY

47.   Defendant State Farm is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

48.   Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiff.

49.   Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

Page 12

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

50. Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

51. Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

52. Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

53. Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

54. Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

Page 13

55.  Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

56.  Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

57.  Defendant State Farm's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

58.  Defendant State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

59.  Defendant State Farm's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

60.  As referenced and described above, and further conduct throughout this litigation and lawsuit, Cates is an agent of State Farm based on his acts during the handling of this

Page 14

claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

61.   Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Cates including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

62.   Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

63.   Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

64.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

65.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

66.   As previously mentioned, the damages caused by the May 6, 2015 and/or May 10, 2015, hail storm and/or windstorm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship

and burden to Plaintiff. These damages are a direct result of Defendants State Farm's and Cates' mishandling of Plaintiff's claim in violation of the laws set forth above.

67.   For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

68.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

69.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

70.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

71.   For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

72.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of

Page 16

Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

73.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Dallas County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

74.     *Plaintiff's Request for Disclosure to Defendant State Farm Lloyds* is attached as "Exhibit A."  *Plaintiff's Request for Disclosure to Defendant Devlin Cates* is attached as "Exhibit A-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

MOSTYN LAW


   /s/ René M. Sigman
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

Page 18

**"EXHIBIT A"**

**CAUSE NO.**_____

| | | |
|---|---|---|
| **NOE TORRES,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **DEVLIN CATES,** | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT
### STATE FARM LLOYDS

TO:    DEFENDANT STATE FARM LLOYDS, by and through its Attorney for Service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, State Farm Lloyds (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**


_/s/ René M. Sigman_____
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

Page 19

## "EXHIBIT A-1"

### CAUSE NO._____

| | | |
|---|---|---|
| **NOE TORRES,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **DEVLIN CATES,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT DEVLIN CATES

TO:   DEFENDANT DEVLIN CATES, at his place of residence at 15706 Covewood Circle, Dallas, Texas 75248.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Devlin Cates (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

_/s/ René M. Sigman_____
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**